PCR proceedings.[7] Such contentions, however, do not constitute grounds for reopening post-conviction relief proceedings, as none of these grounds alleges abandonment. Therefore, the trial court correctly found that Appellant failed to make a cognizable claim of abandonment under Missouri law for purposes of reopening his Rule 27.26 proceedings.

The motion court did not err in dismissing Appellant's motion, and therefore, the judgment is affirmed.

All concur.

■

**STATE of Missouri, Respondent,**

v.

**Richard L. IREY, Appellant.**

**No. WD 74543.**

Missouri Court of Appeals, Western District.

Jan. 22, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 5, 2013.

Application for Transfer to Supreme Court Denied April 30, 2013.

**7.** In his second point, Appellant asserts that his due process and equal protection rights were violated when the State failed to provide him with a complete transcript prior to his direct appeal. In his third point, Appellant contends that his right to effective assistance of counsel was violated because his appellate counsel failed to ensure that Appellant had received a complete transcript prior to his direct appeal. Appellant's fourth point provides that the he was denied effective assistance of appellate counsel in that his counsel

Laura Martin, Kansas City, MO, for Appellant.

Todd Smith, Jefferson City, MO, for Respondent.

Before JAMES EDWARD WELSH, C.J., MARK D. PFEIFFER, and CYNTHIA L. MARTIN, JJ.

**ORDER**

PER CURIAM:

Richard Irey appeals the circuit court's judgment convicting him of possession of a controlled substance. We affirm. Rule 30.25(b).

■

**CITY OF BRANSON, Appellant,**

v.

**HOTELS.COM, LP; Hotwire, Inc.; Trip Network, Inc. (d/b/a Cheap Tickets.com); Travelport, Inc. (f/k/a Cendant Travel Distribution Services Group, Inc.); Expedia, Inc.; Internetwork Publishing Corp. (d/b/a Lodg-**

on direct appeal failed to include in his brief the argument that the trial court erred in refusing to instruct the jury on the lesser included offense of first degree murder. In his fifth point, Appellant asserts that the motion court erred in denying his motion to reopen his post-conviction relief proceedings in that his due process and equal protection rights were violated because the preponderance of the evidence standard set forth in Rule 27.26 was contrary to the *Strickland* reasonable probability standard.